UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KENNY WHITMORE (#86468)**  CIVIL ACTION

**VERSUS**

**ROBERT BUTLER, ET AL**  NO.: 12-00563-BAJ-SCR

R U L I N G

This matter is before the Court on Plaintiff Kenny Whitmore's **Motion for Relief of Judgment (Doc. 16)**, pursuant to Federal Rule of Civil Procedure ("Rule") 60. Judgment was entered on January 31, 2013, dismissing this matter as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I). (Doc. 15.)

On May 17, 2013, Plaintiff filed a motion for relief from judgment on grounds that he allowed his claims to prescribe because he was under the mistaken impression that an attorney he contacted would represent him regarding the matter. Plaintiff contends that the attorney subsequently notified him that he would be unable to represent him.

Rule 60(b) permits the District Court to relieve a party from the effect of a final judgment for several reasons, including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, release, satisfaction, and any other reason that justifies such disposition. Fed.R.Civ.P. 60(b)(1)-(6) The extraordinary relief afforded by Rule 60(b) requires that the moving party make a showing of unusual or unique circumstances justifying such relief. *Pryor v. U.S. Postal Serv.,*

769 F.2d 281, 286 (5th Cir. 1985).

According to the Fifth Circuit, gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for Rule 60(b)(1) relief. *Edward H. Bohlin Co. V. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993). A court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court. *Id.*

Further, even pro se litigants must comply with procedural rules, and ignorance of the law is not a basis for Rule 60(b)(1) relief. *Vafaiyan v. City of Wichita Falls, Tex.*, 398 F. Appx. 989, 990 (5th Cir. 2010) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (holding that a pro se "litigant acquiesces in and subjects himself to the established rules of practice and procedure")).

The Fifth Circuit has also held that when considering motions filed pursuant to Rule 60(b), the District Court should also consider the following factors:

> (1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the Rule should be liberally construed in order to do substantial justice; (4) whether the motion was made within a reasonable time; (5) whether-if the judgment was a default or a dismissal in which there was no consideration of the merits - the interest cases on the merits outweigh, in the particular case, the interest in the finality of judgment, and there is merit in the movant's claim or defense; (6) whether there are any intervening equities that would make it equitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack.

*In re Marinez*, 589 F.3d 772, 777 (5th Cir. 2009) (quoting *Edward H. Bohlin Co.*, 6

F.3d at 355-57).

Here, Plaintiff argues that Rule 60(b) relief is warranted because the attorney he was in negotiations with to represent him regarding his claims, which were filed pursuant to 42 U.S.C. § 1983, notified him via letter dated September 5, 2012, that "as has been discussed before, it is my opinion that a 1983 claim would not be successful. While the prison's negligence and failure to provide adequate medical care are certainly egregious actions, I do not feel they provide the proper basis for a 1983 claim. I cannot assist you in such a matter." (Doc. 16-2, p. 3.)

While the Court is sympathetic to the plight of a client prejudiced by his attorney's inadvertence or negligence, the proper recourse for the aggrieved client is to seek malpractice damages from the attorney. *Pryor*, 769 F.2d at 289. In summary, Plaintiff has failed to satisfy the prerequisites necessary to be relieved from judgment under Rule 60.

Accordingly,

Plaintiff Kenny Whitmore's **Motion for Relief of Judgment (Doc. 16)** is **DENIED**.

Baton Rouge, Louisiana, this 10th day of June, 2013.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**